**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Sanders,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America; Wells Fargo Bank,<br><br>    Respondents. | No. MC 09-0125-PHX-JAT<br><br>**ORDER** |

    Pending before the Court are Petitioner Jerry Sanders' Petition to Quash Summons (Doc. # 1), and Respondent United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 4). For the reasons that follow, the Court grants Respondent's motion.

**I.    Background**

    The basis for the dispute between the parties is an alleged false refund claim made by Sanders. Respondent alleges that Sanders made the false refund claim on his 2008 federal income tax return. The alleged false refund was directly deposited into Sanders' bank account at Wells Fargo Bank. In September 2009, the IRS made assessments against Sanders in the amount of $55,640.36 for the 2008 federal income tax year. In November 2009, IRS Revenue Officer D. Vahe issued a summons to Wells Fargo Bank, requesting copies of Sanders' bank signature cards, bank statements, cancelled checks, and loan applications for

the period January 1, 2009 to November 18, 2009. In December 2009, Sanders commenced this action by filing the Petition to Quash Summons. Respondent now moves to dismiss this action for a lack of subject matter jurisdiction.[1]

**II.    Analysis**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010); FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and can thus only hear those cases the Constitution and Congress have authorized; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff must demonstrate that subject matter jurisdiction exists to defeat dismissal. *See Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

As a general rule, the United States may not be sued unless it has waived its sovereign immunity. *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003). Accordingly, unless the United States consents to be sued, the Court lacks subject matter jurisdiction over claims against the federal government. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."). "A waiver of

---

[1] Respondent also argues that the petition should be dismissed for insufficient process under Rule 12(b)(5). However, because the Court finds that it lacks subject matter jurisdiction under Rule 12(b)(1), the Court need not reach this issue.

the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Moreover, the Court construes any ambiguities in the scope of such waiver in favor of immunity. *Id.*; *State v. Williams*, 514 U.S. 527, 531 (1995).

In limited circumstances, Section 7609 of the Internal Revenue Code waives sovereign immunity for a judicial review of IRS summonses. 26 U.S.C. § 7609(a), (b)(2)(A). Congress provided that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2)(A). Hence, under the plain language of Section 7609, a person must first be entitled to notice of a summons before he or she has the right to begin a proceeding to quash the summons. In fact, Congress included a list of express exceptions where there is no right to begin a proceeding to quash the summons. 26 U.S.C. § 7609(c)(2). One such exception is in the case of a summons being "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i).

Here, an assessment has been made against Sanders in the amount of $55,640.36 for the 2008 federal income tax year. Sanders, as the assessed taxpayer, has a legally cognizable interest in the documents and records requested from Wells Fargo. *See Ip v. United States,* 205 F.3d 1168, 1176 (9th Cir. 2000). Therefore, the notice exception applies and Sanders was not legally entitled to notice under Section 7609(a), nor may he resort to the procedure to quash the summons set forth in Section 7609(b). Without the right to notice, there is no standing under section 7609(h) to bring a petition to quash. *See Ip,* 205 F.3d at 1170 n. 3.

Sanders argues that the summons was not "issued in aid of the collection of" the IRS' assessment, but rather for the purpose of a criminal investigation. While a civil summons may not be issued when a Justice Department referral is in effect for that taxpayer, 26 U.S.C. § 7602(d)(1), Sanders has offered no evidence that there has been an official recommendation to the Justice Department, nor has Sander offered any evidence that the IRS

has already decided to make a recommendation of prosecution. Rather, IRS Officer Vahe, the officer who issued the summons in question, avers that Sanders was erroneously refunded $40,041, and that this refund was directly deposited into Sanders' Wells Fargo account. Officer Vahe also avers that the summons was issued in an effort to collect the alleged false refund claim. The type of documents the IRS is seeking from Wells Fargo are consistent with tracing and collecting the allegedly erroneously refund. Given that the IRS has declared that the purpose of the summons was to aid in the collection of the assessment made against Sanders, and there are no other facts plead or in affidavit to support a contrary position, the Court will not infer a pretext for criminal prosecution.

Similarly, Sanders argues that the IRS has an institutional commitment to criminally prosecute all participants in the tax scheme he is allegedly involved in. Again, Sanders offers nothing but conjecture in support of such an alleged institutional commitment. As discussed above, the summons was issued in order to aid in the collection of the assessment made against Sanders. Sanders' argument to the contrary is unavailing.[2]

### III. Conclusion

The Court finds that the summons were issued in aid of the collection of the assessment made against Sanders. As such, the United States has not waived sovereign immunity such that Sanders may maintain this action. *C.I.R. v. Hayes*, 631 F.Supp. 785, 787 (N.D. Cal. 1985) ("Accordingly, since the right to petition to quash a summons is contingent upon the right to notice thereof, under § 7609(b)(2)(A), and petitioners herein have no right to notice, the court finds that petitioners have no standing to bring the present motion to quash.").

Accordingly,

---

[2] The Court expressly notes that it need not address the factors contained in *United States v. Powell*, 379 U.S. 48 (1964), because the Court does not reach the merits of Sanders' motion to quash the summons in light of Section 7609(c)(2)(D)(i). *See Stewart v. United States*, 511 F.3d 1251 (9th Cir. 2008) (addressing a petition to quash summonses where petitioner did not have standing, and also a petition to quash where petitioner did have standing; and, in the latter, addressing the *Powell* factors, but not in the former).

1     **IT IS ORDERED** that Respondent United States of America's Motion to Dismiss for
2 Lack of Subject Matter Jurisdiction (Doc. # 4) is granted.

3     **IT IS FURTHER ORDERED** that Petitioner Jerry Sanders' Petition to Quash
4 Summons (Doc. # 1) is denied.

5     **IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

6     DATED this 21st day of April, 2010.

                              /s/ James A. Teilborg
                              James A. Teilborg
                              United States District Judge